# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL BUTLER,

        Defendant.

Case No. 3:13-cr-00080-SLG-1

## ORDER RE SECTION 2255 PETITION

Before the Court is Defendant Michael Butler's Motion to Vacate, Set Aside or Correct Convictions and Sentence Pursuant to 28 U.S.C. § 2255, filed on April 13, 2017 at Docket 683. The Government responded at Docket 708.

### BACKGROUND

On November 4, 2014, a jury found Mr. Butler guilty of ten counts of mail fraud in violation of 18 U.S.C. § 1341, one count of money laundering conspiracy in violation of 18 U.S.C. § 1956, and one count of conspiracy to make false statements regarding the distribution of cigarettes in violation of 18 U.S.C. § 2342(b), and 2344(b).[1] The jury found Mr. Butler's codefendant, Insook Baik, not guilty on all counts.[2] On March 13, 2015, this Court entered a final judgment of conviction, after sentencing Mr. Butler to 36 months'

---

[1] Docket 386 (Jury Verdict for Mr. Butler).

[2] Docket 387 (Jury Verdict for Ms. Baik)

imprisonment, concurrent on all counts, followed by 36 months of supervised release.[3]

Mr. Butler appealed to the Ninth Circuit. He argued that the district court erred in refusing to compel the testimony of another codefendant, Kimberly Sims-Crandell, at trial.[4] Mr. Butler also asserted that there was insufficient evidence to satisfy the mailing requirement for the mail fraud convictions. The Ninth Circuit rejected these arguments and affirmed Mr. Butler's convictions in August 2016.[5] The mandate was issued on September 1, 2016.

Mr. Butler was self-represented when he initially filed this petition in April 2017. On May 16, 2017, Mr. Butler filed a Motion to Appoint Counsel.[6] On May 26, 2017, the Court granted the motion and appointed an attorney to represent Mr. Butler.[7] On September 14, 2017, the attorney filed a Notice of No Amendment to 28 U.S.C. § 2255 Petition.[8] On January 30, 2018, the Court granted the attorney's motion to withdraw; Mr. Butler is currently self-represented.[9]

## DISCUSSION

Mr. Butler asserts that his trial counsel was ineffective in three respects: (1) during jury selection, a juror admitted to having a personal relationship with one of the ATF

---

[3] Docket 589 (J.) at 3–4.

[4] *United States v. Butler*, 2016 WL 4191912, at *1 (August 9, 2016).

[5] *Id.*

[6] Docket 686 (Mot. to Appoint Counsel).

[7] Docket 688 (Order Granting Mot. to Appoint Counsel).

[8] Docket 701 (Notice of No Amendment to 2255 Petition) (citation omitted).

[9] Docket 711 (Order Granting Mot. to Withdraw).

agents involved in the investigation and Mr. Butler's trial counsel failed to disqualify the juror; (2) a different juror whose husband had a physical altercation with a member of the Hells Angels Motorcycle Club was biased due to a photo of Mr. Butler shown at trial wearing a Hells Angels patch and counsel failed to object; and (3) a second defendant was found not guilty at trial and Mr. Butler's trial counsel did not follow up regarding the inconsistency of verdicts. Mr. Butler also asserts that he was unable to question codefendant Ms. Sims-Crandell, whom he describes as critical to Mr. Butler's defense.[10]

1. Ineffective Assistance Claims

Mr. Butler's first ineffective assistance claim asserts the following:

> One of the jurors had a personal relationship to one of the ATF agents who was involved in the investigation. That agent presented evidence during the trial. The relationship was discovered during the jury selection process. That juror should have been disqualified, but was allowed to remain.[11]

The Government responds that Mr. Butler has failed to establish that his attorney's performance was deficient and that he suffered any prejudice.[12]

To prevail on an ineffective assistance claim, a petitioner must satisfy the two-prong *Strickland* test, which requires a showing of both deficient performance and resultant prejudice.[13] Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by

---

[10] Docket 683 at 4–5, 7.

[11] Docket 683 at 4.

[12] Docket 708 at 17.

[13] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

prevailing professional norms.[14] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[15] To establish prejudice, a petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[16] Failure to meet either prong is fatal to a petitioner's claim.[17]

> At voir dire, the following discussion with the juror took place:
>
> The Court: There was a list that Mr. Collins read, there was a list that Mr. Cavanaugh read about expected witnesses, and does anyone know or have any relationship with any of those witnesses?
>
> …
>
> Prospective Juror 12: Hi. Number 12. I know ATF agent Sarah Foreman. Her older sister was my best childhood friend, and currently, her parents live across the street from my parents. So our two families have known each other since I was three.
>
> The Court: Anything about that that would make it difficult for you to hear this case fairly?
>
> Prospective Juror 12: I don't think so.
>
> The Court: Thank you.[18]

No other discussion of Juror 12 was made during jury selection. Neither counsel for Mr.

---

[14] *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

[15] *Strickland*, 466 U.S. at 689.

[16] *Id.* at 694.

[17] *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) ("Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" (quoting *Strickland*, 466 U.S. at 697)).

[18] Docket 716 at 2, 3–4.

Butler nor counsel for Ms. Baik moved to strike the juror; nor did counsel for either defendant use a peremptory challenge to excuse her. Each lawyer was given an opportunity for follow up questions. Mr. Butler has not demonstrated that his lawyer's failure to object to the juror was constitutionally deficient performance.[19] Moreover, Mr. Butler has not provided any facts or evidence that the juror was in fact biased against him. Therefore, Mr. Butler has also not established that he was prejudiced by the juror's alleged bias and his counsel's failure to excuse her.[20] Accordingly, his claim for ineffective assistance of counsel on this ground is unavailing.

Mr. Butler also asserts that he was denied effective assistance of counsel based on the potential bias of a different juror. He asserts as follows:

> The court allowed the disclosure that I am a member of the Hells Angels Motorcycle Club. This disclosure came in the form of photographs of me wearing my [Hells Angels] patch and insignia that were shown to the jury at the start of trial. My involvement with the Club was not relevant to the investigation or the case. After this disclosure, a second juror failed to notify the court that her husband had been in a physical altercation with a member of the Club previously. It is unreasonable to think the husband did not discuss this with his wife. It is unreasonable to believe she could be an unbiased or impartial juror after discovering that I am a Hells Angel. Allowing the photos of me was unnecessary to the trial. I did not have a fair and impartial jury.[21]

The Government responds that "[o]n its face, the ineffective assistance of counsel claim

---

[19] As the Government observes, Mr. Butler "cannot escape the obvious fact that another defense attorney in the same trial who actively participated in jury selection also accepted the questioned juror's placement on the jury." Docket 708 at 18.

[20] *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1349–50 (9th Cir. 1995) ("The Supreme Court has suggested that the relevant test for determining whether a juror is biased is 'whether the juror[] . . . had such fixed opinions that [he] could not judge impartially the guilt of the defendant.'" (quoting *Patton v. Yount*, 467 U.S. 1025, 1035 (1984) (alterations in original)).

[21] Docket 683 at 4, 7.

fails because [trial counsel's] performance cannot be deficient if he was not ever made aware of it, at any time, to act on it."[22]

As the Government correctly points out, Mr. Butler indicates that this juror's potential bias was not known at the time of jury selection. Thus, Mr. Butler does not and cannot explain how his trial counsel was ineffective in failing to object to the juror at trial. Mr. Butler's claim for ineffective assistance fails.

However, the Sixth Amendment "guarantees criminal defendants a verdict by an impartial jury" and "bias or prejudice of even a single juror is enough to violate that guarantee."[23] Generally, "[w]hen an allegation of juror impartiality is raised after trial, the remedy is 'a hearing in which the defendant has an opportunity to prove actual bias.'"[24] However, "[a]n evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source."[25] "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."[26]

Applying those considerations here, Mr. Butler's claim that a juror was biased rests

---

[22] Docket 708 at 22.

[23] *United States v. Martinez-Martinez*, 369 F.3d 1076, 1081 (9th Cir. 2004); *United States v. Gonzalez*, 214 F.3d 1109, 1111 (9th Cir. 2000).

[24] *United States v. Olsen*, 704 F.3d 1172, 1189 (9th Cir. 2013) (quoting *Dyer v. Calderon*, 151 F.3d 970, 990 (9th Cir. 1998)).

[25] *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir. 1993) (citations and emphasis omitted).

[26] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

entirely on the limited information provided in his petition—this, despite the fact that he had appointed counsel to assist him for several months while this motion was pending. Mr. Butler does not identify the juror by number nor does he identify the source of his information, so an assessment of the credibility of the source is not possible. Mr. Butler also did not provide any details as to when, where, and with whom this alleged "physical altercation" took place between the juror's spouse and another (unnamed) Hells Angels Club member; nor does he provide any information as to the seriousness of the alleged altercation. Moreover, the juror herself is not alleged to have experienced the altercation with a Hells Angels Club member; rather, it was the juror's husband. Accordingly, given the vague and conclusory nature of the allegation, the Court finds that an evidentiary hearing to determine whether this unidentified juror's potential bias may have influenced the jury verdict is not warranted.

Mr. Butler also appears to challenge the admission of the Hells Angels photo that was displayed at trial. To the extent he argues it was ineffective assistance of counsel for the Court to admit the photo at trial, Mr. Butler's trial counsel sought by motion to keep it out.[27] And if Mr. Butler is asserting the Court erred in admitting the photo at trial, Mr. Butler could have included this argument in his direct appeal but failed to do so. Therefore, this argument will not be revisited by this Court on collateral review.[28]

---

[27] *See* Docket 236 (Mot. in Limine: Hells Angel Pictures & Evidence of Membership).

[28] *See Johnson*, 988 F.2d at 945 ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."). Mr. Butler has not explained why he failed to raise this issue in his direct appeal; nor has he demonstrated actual prejudice.

Mr. Butler's third ineffective assistance claim states as follows:

> A second defendant, In Sook Baik, was also at the trial. She was found not guilty on all charges that I was found guilty of. My attorney did not follow up on the Inconsistency of Verdicts afterwards.[29]

The Supreme Court has held "[i]nconsistency in a verdict is not a sufficient reason for setting it aside. We have so held with respect . . . to verdicts that treat codefendants in a joint trial inconsistently."[30] Here, as the evidence at trial clearly demonstrated, Ms. Baik's alleged involvement in the conspiracy was far more attenuated than Mr. Butler's role. Accordingly, it was not ineffective assistance by trial counsel to not follow up on the inconsistency of verdicts between Mr. Butler and his codefendant as there was no valid basis to do so.

2. <u>Unable to Present a Key Witness</u>

Mr. Butler asserts in his petition:

> I was not allowed to question Kimberly Sims-Crandell. Kimberly was a codefendant and is my stepdaughter. She had pleaded guilty and was awaiting sentencing. The court failed to compel her testimony due to her Fifth Amendment rights. However, the Ninth Circuit Court of Appeals has held that a defendant can be compelled to give testimony that is within specific parameters and does not further incriminate themselves outside of their plea. The testimony of Kimberly Sims-Crandell was critical to my defense and would have shown evidence crucial to my part in the execution and knowledge of the crimes.[31]

In Mr. Butler's appeal to the Ninth Circuit, he argued that the "trial court denied [Mr. Butler's] right to compulsory process in denying the calling of Kim Sims-Crandell as a

---

[29] Docket 683 at 4.

[30] *Harris v. Rivera*, 454 U.S. 339, 345 (1981) (citing *United States v. Dotterweich*, 320 U.S. 277, 279 (1943)).

[31] Docket 683 at 5, 7.

witness as trial."[32] The Ninth Circuit rejected this argument, stating that "[a] waiver of a right to trial with its attendant privileges is not a waiver of the privileges which exist beyond the confines of the trial, including the right to remain silent at sentencing."[33] The Circuit Court held:

> [t]he district court was not required to follow the government's sentencing recommendation, and incriminating testimony elicited from Sims-Crandell could have established relevant conduct for sentencing purposes. The district court therefore did not err in concluding that Sims-Crandell "could legitimately refuse to answer essentially all relevant questions" and refusing to compel her testimony.[34]

"[A] district court may refuse to entertain a repetitive [2255] petition [that reraises an issue decided in the original appeal] absent a showing of manifest injustice or a change in law."[35] Because the Ninth Circuit fully considered and rejected Mr. Butler's argument about Ms. Sims-Crandell's testimony, and Mr. Butler has not shown a manifest injustice or a change in law, this Court will not reconsider this argument in this Section 2255 petition.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant Michael Butler's Motion to Vacate at Docket 683 is DENIED.

The Court further finds that Mr. Butler has not made the requisite substantial

---

[32] Appellant's Opening Brief at 6, *United States v. Butler*, 659 F. App'x 390 (9th Cir. 2016), 2015 WL 8271977, at *6.

[33] *Butler*, 659 F. App'x at 391–92 (internal quotation omitted).

[34] *Id.* (internal citation omitted) (quoting *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997)).

[35] *Howard v. Lewis*, 905 F.2d 1318, 1325 (9th Cir. 1990) (citing *Polizzi v. United States*, 550 F.2d 1133, 1135 (9th Cir. 1976)).

showing for a Certificate of Appealability, and therefore, a Certificate of Appealability will not be issued by this Court.[36]

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 10th day of April, 2018 at Anchorage, Alaska.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

---

[36] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).